IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02944-BNB

ALEXANDER STANLEY,

      Plaintiff,

v.

TOM CLEMENTS,
ROGER WILSON,
LUCY HERNANDEZ,
MARSHALL GRIFFITH,
ELIZABETH ROOK, and
MALINDA MCMILLIAN,

      Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

_____

Plaintiff, Alexander Stanley, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Crowley County Correctional

Facility (CCCF) in Olney Springs, Colorado.  Mr. Stanley initiated this action by filing a

Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983.

On December 3, 2012, Magistrate Judge Boyd N. Boland reviewed the

Complaint and found it to be deficient because Mr. Stanley failed to allege facts to show

that each of the named Defendants participated in a deprivation of his constitutional

rights.  Accordingly, Magistrate Judge Boland directed Plaintiff to file an Amended

Complaint within thirty days.  Mr. Stanley thereafter obtained two extensions of time to

file his amended pleading.  He filed the Amended Prisoner Complaint on March 13,

2013.

Mr. Stanley has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.   The Court must dismiss the second amended complaint, or any portion of the amended complaint, that is frivolous.  *See* 28 U.S.C. § 1915A(b)(1).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court will construe the complaint liberally because Mr. Stanley is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, the Amended Complaint will be dismissed, in part.

Mr. Stanley alleges in the Amended Complaint that DOC inmate Robert Lopez was discharged unconditionally from DOC custody on November 8, 2011.  Two days later, on November 10, 2011, Felicia Lopez, Robert Lopez's daughter, made a $200 electronic funds transfer (EFT) to Plaintiff's inmate account through MoneyGram Service.  On November 15, 2012, Plaintiff received a memorandum from Defendant McMillian stating that "*[t]wo hundred dollars ($200) was deposited to your inmate account by the daughter of another inmate*, in violation of ARs 300-01 and 300-38. These funds will *be confiscated pending further investigation*."  Mr. Stanley alleges that the funds were confiscated from his account that same day.  On December 22, 2011, Plaintiff filed an informal kite with Defendant McMillian complaining about the seizure of

2

his funds.  Defendant McMillian denied the kite, asserting that Plaintiff had violated ARs 200-02, 300-38 and 300-01, which prohibit offenders or their relatives from sending money orders to other offenders.  Mr. Stanley then filed a Step I grievance with Defendant McMillian.  The grievance was denied based on a Code of Penal Discipline charge of bartering, which allegedly occurred on November 7, 2011, before Robert Lopez was discharged from the DOC.  Plaintiff then filed grievances at Steps II and III, which were denied by Defendants Rook and Griffith, respectively.  Mr. Stanley states that Defendant Hernandez, the facility's grievance coordinator, refused to accept a re-submitted step III grievance after it was denied improperly on procedural grounds by Defendant Griffith.  Plaintiff asserts that Defendant Wilson, the CCCF Warden, is in charge of the DOC employees who failed to properly address his grievance at Steps I, II and III.  Mr. Stanley further asserts that Defendant Clements, the Executive Director of the DOC, enacted the Administrative Regulations at issue and was notified by Plaintiff that these regulations were used by the CCCF Defendants to "steal" $200 from the Plaintiff's inmate account, without due process of law.  However, Clements failed to take appropriate remedial action.  Mr. Stanley raises claims under the Fourteenth Amendment Due Process and Equal Protection Clauses.  In support of his equal protection claim, Plaintiff alleges that on several occasions when funds have been transferred to inmates' accounts by unauthorized individuals, Defendant McMillian has returned those funds to the senders instead of confiscating the money.  Mr. Stanley seeks injunctive and monetary relief.

The Amended Complaint is deficient because Mr. Stanley fails to allege facts to show that Defendants Clements, Wilson, Hernandez, Griffith, and Rook participated in

3

an arguable deprivation of his constitutional rights.  Plaintiff was warned by Magistrate

Judge Boland in the November 13 Order that personal participation by the named

defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise.  *See Butler v. City

of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisors can only be held liable

for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also

Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-

supervisors may be liable under § 1983 where an 'affirmative' link exists between the

unconstitutional acts by their subordinates and their 'adoption of any plan or policy. .

.–express or otherwise–showing their authorization or approval of such 'misconduct.'")

(quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not

subject to § 1983 liability merely because of his supervisory position.  *See Pembaur v.

City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th

Cir. 1983).

In the second amended complaint, Mr. Stanley sues Defendant Warden Wilson

based on his supervisory status.  Plaintiff alleges that Defendant Wilson, as the

"administrative head" of CCCF, was responsible for "approving or disapproving" the

actions of Defendants Hernandez, Griffith, Rook, and McMillian.  However, Plaintiff does

not allege any specific facts to show that Defendant Wilson personally engaged in

conduct that deprived Plaintiff of his constitutional rights.  *See Serna v. Colorado Dep't

of Corrections*, 455 F.3d 1146 (10th Cir. 2006) (a plaintiff must establish that the

4

supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur).  As such, Defendant Wilson is an improper party to this action and will be dismissed.

Plaintiff seeks to hold Defendants Rook, Griffith, and Hernandez liable on the basis that they denied his grievances complaining about the allegedly unconstitutional confiscation of his money by Defendant McMillian.  However, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).  Defendants Rook, Griffith, and Hernandez therefore are improper parties to this action and will be dismissed.

Similarly, Mr. Stanley's allegation that he notified Defendant Clements in writing about the confiscation of his funds by Defendant McMillian is insufficient to show that Clements was personally involved in a deprivation of Plaintiff's constitutional rights.  *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, Defendant Clements is also an improper party to this action and will be dismissed.

5

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Stanley's claims against Defendant McMillian do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendants Clements, Wilson, Hernandez, Griffith, and Rook are dismissed as parties to this action for Plaintiff's failure to allege their personal participation.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  27th  day of ____March_____, 2013.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court