IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02944-PAB-MJW

ALEXANDER STANLEY,

Plaintiff,

v.

MALINDA MCMILLIAN and
ROGER WERHOLTZ,

Defendants.

---

**ORDER ON PLAINTIFF'S MOTION REQUESTING RECUSAL OF MAGISTRATE JUDGE MICHAEL J. WATANABE (Docket No. 37)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion Requesting Recusal of Magistrate Judge Michael J. Watanabe (docket no. 37).  The court has reviewed the subject motion (docket no. 37) and the response (docket no. 44).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to

2

be heard;

4. "Recusal is governed by 28 U.S.C. . . . § 455(a) . . . . The Court exercises discretion in deciding whether to recuse." Zhu v. St. Francis Health Center, 2007 WL 2071758, at *1 (D. Kan. July 19, 2007) (citing Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987)). "[T]o obtain disqualification under 28 U.S.C. § 455(a), a movant must show that a reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality, . . . and rumor, speculations, opinions and the like do not suffice." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). "[A] judge has as strong duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (citing United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994);

5. That the Pro Se Incarcerated Plaintiff has demonstrated that I have had a litigation history with the Pro Se Incarcerated Plaintiff. I served as District Court Judge in the Eighteenth District [Arapahoe, Douglas, Lincoln, and Elbert Counties] from 1987 to February 1999 wherein I presided over the Pro Se Incarcerated Plaintiff's Arapahoe County divorce and child custody [parental responsibility] case and his Arapahoe County felony criminal case no. 96-CR-169 between September 1994 to September 1998. I entered a final

3

decree of dissolution of marriage and permanent orders in his divorce case. I sentenced the Pro Se Incarcerated Plaintiff to 68 years to the Colorado Department of Corrections in case no. 96-CR-169;

6. That in Defendant's response, the Defendant indicates that she does not necessarily oppose this motion should the court find recusal necessary; and

7. That in my discretion, I conclude that in the interest of justice and to avoid any appearance of impartially I should recuse.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion Requesting Recusal of Magistrate Judge Michael J. Watanabe (docket no. 37) is **GRANTED**;

2. That the Clerk of Court shall draw a new Magistrate Judge for this case; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 24th day of June 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE