IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02944-PAB-CBS

ALEXANDER STANLEY,
    Plaintiff,
v.

MALINDA MCMILLIAN,
    Defendants.

---

ORDER STRIKING PORTION OF RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE (DOC. # 52)

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Stanley's "Objection to Recommendation of United States Magistrate Judge Entered on 08/14/2013" (filed on October 10, 2013) (Doc. # 57). The court specifically notes Mr. Stanley's objection to the court's Recommendation that his claims against Defendant in her official capacity for money damages be dismissed as barred by the Eleventh Amendment. (*See* Doc. # 57 at 8-12 of 23). Mr. Stanley is correct that Defendant was employed at the Crowley County Correctional Facility in Olney Springs, Colorado, operated by operated by Corrections Corporation of America ("CCA") for the Colorado Department of Corrections.

    A private corporation and employees sued in their official capacities are liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). See also *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations). Thus, the CCA and its employees in their official capacities would incur liability under § 1983 only if the harm had resulted from a policy or custom on the part of the corporation. See *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946

(10th Cir. Dec. 20, 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [the plaintiff] must show that CCA directly caused the constitutional violation by instituting an official municipal policy of some nature, that was the direct cause or moving force behind the constitutional violations." (internal quotation marks and citations omitted)).

As the court determined in the Recommendation that Mr. Stanley has not stated any underlying constitutional violation by Defendant sufficient to state a cognizable 42 U.S.C. § 1983 claim, neither she in her official capacity nor the CCA can be held liable for an unconstitutional policy or custom.  (*See* Recommendation (Doc. # 52) at 6-15 of 16).  See *Estate of Larsen ex. Rel Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) ("without the predicate constitutional harm inflicted by an officer, no municipal liability exists") (citation omitted); *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (same) (citation omitted); *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal quotation marks and citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").

Accordingly, IT IS ORDERED that part III. A. at pages 4-6 of 16 of the Recommendation of United States Magistrate Judge is STRICKEN.  Nevertheless, the Recommendation remains the same that the Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim to which relief can be granted.

DATED at Denver, Colorado, this 11th day of October, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge